# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50367
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALLAN OCTAVIO ARIAS-RAMOS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-972-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Allan Octavio Arias-Ramos appeals the within-guidelines, 28-month sentence imposed for his guilty plea conviction of illegal reentry. He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

We review the substantive reasonableness of the sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Arias-Ramos's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50367

arguments fail to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The district court, who was "in a superior position to find facts and judge their import under § 3553(a)," acknowledged Arias-Ramos's mitigating arguments but concluded that a sentence near the top of the guidelines range was appropriate in light of his criminal history. *Campos-Maldonado*, 531 F.3d at 339. We have rejected the argument that U.S.S.G. § 2L1.2's double-counting of a prior conviction in the calculation of a defendant's offense level and criminal history score necessarily render a sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected substantive reasonableness challenges based on the alleged lack of seriousness of illegal reentry. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Finally, as Arias-Ramos concedes, his argument that the presumption of reasonableness should not be applied to his sentence because § 2L1.2 lacks an empirical basis is foreclosed. *See Duarte*, 569 F.3d at 530-31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.